IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES GOODIN                                                                                        PLAINTIFF

V.                                      CIVIL NO. 6:13-cv-06050

HOT SPRINGS POLICE DEPARTMENT;
SGT. MILLER; DETECTIVE THORTON;
LEE ANN CLEM; JANE DOE; and
DAVID FLORY                                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Goodin filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 13, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

Plaintiff is an inmate at the Garland County Detention Center ("GCDC"). After the Court reviewed Plaintiff's original Complaint, it determined it would benefit from additional information and directed Plaintiff to file an Amended Complaint. Plaintiff did so. ECF No. 7.

In his Amended Complaint, Plaintiff names the Hot Springs Police Department, Captain Miller, Detective William Thorton, Detective Lee Ann Clem, Jane Doe, and David Flory as

1

Defendants.  ECF No. 7, pp. 1, 3.  Plaintiff alleges Detective Thorton stated Plaintiff confessed to stealing copper on November 22, 2012.  ECF No. 7, pp. 4-5.  Further, Plaintiff alleges, when Detectives Clem and Thorton picked him up from the hospital in Little Rock, Arkansas, (1) they disregarded his bandaged hands and right leg; (2) handcuffed him; (3) made him get out of his wheelchair and walk down three flights of stairs; (4) shackled him; (5) made him walk a block to the squad car; and (6) threw him into the squad car on his side where he just had skin grafts while in the hospital.  ECF No. 7, pp. 7-8.  Plaintiff further alleges Detectives Clem and Thorton were "well informed" of his condition, but told him to "Tuff it out you'll Be O.K." on the ride from Little Rock to Hot Springs, Arkansas.  ECF No. 7, p. 8.  Once the Detectives and Plaintiff arrived at the Hot Springs Police Department and the Detectives saw the amount of blood Plaintiff lost in the back of the squad car, the Detectives cited Plaintiff out on a bond and called him an ambulance.  ECF No. 7, p. 8.

Plaintiff also claims that the Hot Springs Police Department slandered his name.  ECF No. 7, p. 8.

## II.   APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United

2

States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**III.   DISCUSSION**

    A.    <u>Official capacity claims</u>

Plaintiff states in his Amended Complaint that he is suing Defendants in both their official and individual capacities. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). An official capacity claim against Defendants is essentially a claim against the City of Hot Springs. Plaintiff failed to allege any policy or custom of the City of Hot Springs that caused his constitutional rights to be violated. "[R]igorous standards of culpability and causation must be applied to ensure that the [city] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a city has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). There are no allegations in Plaintiff's Complaint to support an official capacity claim against Defendants. Further, a claim of deprivation of a

3

constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, the City of Hot Springs cannot be held liable based merely on the fact it employs Defendants. Therefore, Plaintiff has failed to state an official capacity claim against all of the Defendants.

    B.    <u>Hot Springs Police Department</u>

Plaintiff names the Hot Springs Police Department as Defendant in this matter. The Hot Springs Police Department is a building and not a person or legal entity subject to suit under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989). Therefore, the Hot Springs Police Department cannot be named as a defendant in this matter.

    C.    <u>Captain Miller, Jane Doe, and David Flory</u>

Plaintiff names Captain Miller, Jane Doe, and David Flory as Defendants in his Amended Complaint, but Plaintiff does not make any allegations against these three defendants. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising

4

the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, Captain Miller, Jane Doe, and David Flory, Chief of Police, cannot be held liable merely because they supervises the individuals allegedly responsible for violating Plaintiff's constitutional rights. *Id.* Plaintiff did not offer any facts or allegations in his Amended Complaint indicating Captain Miller, Jane Doe, or David Flory played any role in the conduct Plaintiff complains of in his Amended Complaint.

Accordingly, Plaintiff has failed to state cognizable claim against Captain Miller, Jane Doe, and David Flory under section 1983.

### D. Slander

Plaintiff claims the Hot Springs Police Department slandered his name. As explained above, the Hot Springs Police Department is a building and not a person or legal entity subject to suit under section 1983. Further, slander is not a cognizable claim under section 1983. *See Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983). "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas,* 518 F.2d 1196, 1997 (8th Cir. 1975) (citations omitted).

Accordingly, Plaintiff has failed to state a cognizable claim of slander, under section 1983, against any Defendant.

### III. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's official capacity claims; claims against the Hot Springs Police Department, Captain Miller, Jane Doe, and David Flory; and claims for slander all be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Further, I recommend the Hot Springs Police Department, Captain Miller, Jane Doe, and David

Flory be dismissed from this action.  This leaves Plaintiff's individual capacity claims against Detectives William Thorton and Lee Ann Clem for further consideration.  The issue of service will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of July 2013.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE