IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES GOODIN                                                                    PLAINTIFF

V.                              Civil No.6:13-cv-06050-SOH-MEF

LEE ANN CLEM, ET. AL.                                                    DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, James Goodin, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Hon. Susan O. Hickey, United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order and Plaintiff's failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

### 1.      BACKGROUND

On November 18, 2015, the Court entered a Scheduling Order setting the summary judgment hearing in this case on Thursday, March 31, 2016, at 1:00 p.m.  (Doc. 45)  This order was not returned as undeliverable.  Plaintiff communicated with the Court on December 28, 2015, notifying the Court of a change of address.  (Doc. 49)

On March 31, 2016, the Court and counsel for Defendants were present for the summary judgment hearing.  At 1:20 p.m, Plaintiff had not yet appeared, and the hearing was adjourned.

On March 31, 2016, the Court entered an Order to Show Cause, giving Plaintiff until April 15, 2016, to show cause why he failed to obey the Order of the Court.  Plaintiff was advised his case

1

would be subject to dismissal if he did not respond by April 15, 2016.  Plaintiff did not respond.

## 2.      APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or

involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.      DISCUSSION**

Plaintiff has failed to comply with two Court orders. Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court recommends that Plaintiff's Complaint be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.      CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's Complaint (Doc. 2) and Amended Complaint (Doc. 7 ) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and has failed to prosecute this matter.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of April 2016.

/s/   *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE